Case 4:16-cv-02303   Document 19   Filed on 07/21/17 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE NEAL WILLIAMS, § | |
| TDCJ #1945098, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-16-2303 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

At the time Petitioner George Neal Williams (TDCJ #1945098) filed this federal habeas petition, he was an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the East Texas Treatment Facility. *See* Docket Entry No. 1. Respondent has filed a Motion to Dismiss as Moot or, in the Alternative, as Unexhausted (Docket Entry No. 18). Petitioner has not responded to Respondent's motion and his time to do so has expired. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the motion, the state court records, and the applicable law, the Court will grant Respondent's motion and will dismiss this action for the reasons explained below.

### I.   BACKGROUND

Petitioner was convicted of possession with intent to manufacture controlled substance on August 29, 2000 in the 263rd District Court of Harris County, cause number 833993, and was sentenced to life imprisonment.[1]   In January of 2010, Petitioner was released to supervision.[2]

---

[1] *See* Docket Entry No. 1 ("Petition") at 1; *see also* Docket Entry No. 18-3 ("Affidavit of Charley Valdez") at 3.

From April 19, 2010 to March 27, 2014, multiple pre-revocation warrants for Petitioner's arrest were issued.[3] Petitioner was subsequently convicted for possession of a controlled substance in Harris County cause number 14259920, but that conviction was later overturned on direct appeal.[4]

On April 22, 2016, the Parole Division issued a pre-revocation warrant of arrest, which was executed on May 18, 2016.[5] On June 13, 2016, the Board of Pardons and Paroles voted to continue supervision and to transfer Petitioner to a Substance Abuse Felony Punishment Facility ("SAFPF").[6] Petitioner was transferred to SAFPF custody on August 1, 2016.[7] On February 16, 2017, Petitioner was released from SAFPF and placed back on parole.[8]

Petitioner challenges the revocation of his parole and his confinement in a SAFPF facility. Respondent moves to dismiss because (1) there no longer is a case or controversy because Petitioner's release from SAFPF custody renders the petition moot; and (2) Petitioner has failed to exhaust state remedies. *See* Docket Entry No. 18. For the reasons that follow, the Court concludes that this case must be dismissed for failure to exhaust state court remedies.

II.     **EXHAUSTION OF STATE REMEDIES**

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a

---

[2] Petition at 2; Affidavit of Charley Valdez at 3.

[3] Affidavit of Charley Valdez at 3.

[4] *Id.*

[5] *Id.*

[7] *Id.*

[8] *Id.*

2 / 5

policy of federal-state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991); *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006) (quoting *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992)). The two statutory exceptions to exhaustion are (1) where there is an absence of available State corrective process or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1), (c).

To exhaust remedies under section 2254, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citation omitted). In Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing a state application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition).

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *Ex Parte Evans*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (citation omitted). In order to raise claims related to parole revocation, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See id.*

State court records show that Petitioner has not yet presented his claims concerning the revocation of his parole to the Texas Court of Criminal Appeals as required.[9] Further, Petitioner

has not alleged or shown that he has satisfied either of the two statutory exceptions to the exhaustion doctrine. Accordingly, Petitioner's petition must be dismissed without prejudice for failure to exhaust.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

IV.     **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's Motion to Dismiss (Docket Entry No. 18) is **GRANTED**.

2. This action is **DISMISSED** without prejudice for lack of exhaustion.

3. A certificate of appealability is **DENIED**.

4. Petitioner's Motion in Response to Order/Answer (Docket Entry No. 13), Motion Requesting an Order (Docket Entry No. 14), and all other pending motions, if any, are **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 21st day of July, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE